UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anyssa Sanchez, <br><br>                    Plaintiff,<br>v.<br><br>Brawley Elementary School District et al.,<br><br>                    Defendants. | Civil No.14cv564 GPC (PCL)<br><br>ORDER GRANTING IN PART MOTION FOR SANCTIONS<br><br>(Doc. 20.) |

    Defendant Brawley Elementary School District filed a motion requesting that the Court issue an order that Plaintiff's attorney pay Defendant a monetary sanction for failing to appear at the Mandatory Settlement Conference scheduled for the morning of November 17, 2015. (Doc. 20.)

I. BACKGROUND

    On November 16, 2016, defense counsel, Martin L. Carpenter, traveled from downtown Los Angeles to El Centro in order to attend the Mandatory Settlement Conference scheduled for the morning of November 17, 2015. The drive from Los Angeles to El Centro took 3.8 hours and encompassed 214 miles. On November 17, 2015, Mr. Carpenter arrived at the U.S. District Court in El Centro at 9:30 a.m. and met with the claims adjustor from Carl Warren & Company, Rose Nuno, in preparation for the MSC. At around 10:00 a.m., Rose Nuno and Mr. Carpenter appeared in Magistrate Lewis' chambers and waited for Plaintiff, Plaintiff's guardian ad litem, and Plaintiff's counsel, David Miller, to arrive. Ms. Nuno and Mr. Carpenter appeared with the purpose to engage in settlement discussions and negotiations

in a good faith effort to reach an amicable resolution to the case. Ms. Nuno and Mr. Carpenter remained in chambers until 11:45 a.m.; however, there was no appearance by Plaintiff, Plaintiff's guardian ad litem, or Plaintiff's attorney. Additionally, there was no communication by or on behalf of Plaintiff giving notice that no appearance was going to be made or providing an explanation for their non-appearance at the court-ordered MSC.

In total, the claim's adjustor and Mr. Carpenter spent a total of 2.5 hours at the courthouse. Due to the afternoon traffic the trip back to Los Angeles took defense counsel a total of 4.3 hours to travel the 214 miles. The total hours for travel and appearing at the MSC were 10.6 hours and a total of 428 miles. Defense counsel calculated the total mileage cost to be $243.96 based on the IRS guidelines of $.57 per mile. (Doc. 20, at 4-5.) Defense counsel also estimated that total attorney's fees for the MSC is $3,700.00. All of this was charged to the Brawley Elementary School. As for the insurance adjustor's fees, defense counsel stated that Brawley Elementary School was charged $644.20 for the adjustor's time and travel expenses (7.5 hours of time at $56.00 per hour and 380 miles at $.59 per mile.)

II. STANDARD OF REVIEW

Federal Rules of Civil Procedure 16(a) provides that a court may direct the attorneys in an action to appear before it for a conference before trial. Federal Rules of Civil Procedure 16(a)(5) specifically states that one of the purposes of such conferences may be "facilitating the settlement of the case." Further, Federal Rules of Civil Procedure, Rule 16(f) provides that if a party's attorney fails to appear, the court may make such orders as are just, including requiring the attorney to pay the reasonable expenses incurred because of his noncompliance, unless the noncompliance was substantially justified. See Fed. R. Civ. P. 16(f).

The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." Sherman v. U.S., 801 F.2d 1133, 1135 (9th Cir. 1986); see also Fed. R. Civ. P. 16(f) Advisory Committee's note ("[E]xplicit reference to sanctions reinforces the rule's intention to encourage forceful judicial management."). Violations of Rule 16 are neither technical nor trivial. See Martin Family Trust v. Heco-Nostalgia Enterprises, Co., 186 F.R.D. 601, 603 (E.D. Cal. 1999). Rule 16 is critical to the court's management of its docket and avoids unnecessary delays in adjudicating the court's cases. Id. Whether the party and/or its counsel disobeyed the court order intentionally is

2

impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. See Lucas Auto. Egn'g, Inc., v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001).

### III. DISCUSSION

In the instant case, the CMC Order contained an explicit warning of sanctions for failure to appear: "failure to attend the conference or obtain a proper excuse will be considered grounds for sanctions." (Doc. 17.) Despite the warning, the attorney for the Plaintiff, David Miller, failed to appear at the Mandatory Settlement Conference along with the Plaintiff and failed to provide proper justification for their absence. While the Court might have accepted the excuse that Mr. Miller provided in his opposition to the motion for sanctions, Mr. Miller's unannounced absence was not an isolated incident; it took the Court several months to set up the Case Management Conference because Mr. Miller was unreachable and he failed to prosecute his case for several months. This pattern of careless behavior will not be tolerated in federal court and should be penalized. As such, imposition of sanctions is proper under Federal Rules of Civil Procedure 16(f). The Court orders attorney David Miller, Cal. Bar No. 140805, to reimburse Defendant Brawley Elementary School District $500.00 to cover the travel expenses of Defendant attorney and the claim's adjustor who did appear for the Mandatory Settlement Conference in November 2015. The Court will not impose the other monetary sanction for fees that Defendant has requested.

IT IS SO ORDERED.

DATE: June 1, 2016

_____
PETER C. LEWIS
United States Magistrate Judge

Copy to:   The Honorable Curiel
           All Parties and Counsel of Record